UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 7:08-CV-07-KKC

ANDRE LaSIEUR                                                              PETITIONER

v.                        **MEMORANDUM OPINION AND ORDER**

WARDEN HECTOR A. RIOS                                              RESPONDENT

Andre LaSieur is currently incarcerated in the United States Penitentiary-Big Sandy, located in Inez, Kentucky ("USP-Big Sandy"). The petitioner has filed a *pro se* petition for writ of habeas corpus [Record No. 2]. He has paid the $5.00 filing fee [Record No.3].

This matter is now before the Court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), a district court has authority to dismiss a case at any time if it determines the action: (I) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

NAMED RESPONDENT

The named respondent is Hector A. Rios, the warden of USP-Big Sandy.

## CLAIMS

The Petitioner seeks an Order vacating one of two federal criminal sentences imposed against him.  He alleges that the sentence violates the Due Process Clause of the Fifth Amendment of the United States Constitution.

### PETITIONER'S CRIMINAL HISTORY
### 1. The First Criminal Proceeding

On November 12, 2003, the petitioner pleaded guilty to unlawful transportation of firearms in violation of 18 U.S.C. § 922(g) in the United States District Court for the Western District of Wisconsin (at Madison) ("the Trial Court"). *See United States of America v. Andre LaSieur*, 03-CR-0109-C-01 (Hon. Barbara B. Crabb, presiding) ("the First Criminal Proceeding"). The plea was entered pursuant to the terms of a Fed. R. Crim. P. 11(e)(1)(C) plea agreement ("the Plea Agreement").[1]  On January 13, 2004, the petitioner was sentenced to an eighty (80) month term of imprisonment [*Id*., Docket No. 19].[2]

### 2. The Second Criminal Proceeding

On March 23, 2005, in the Trial Court, an Indictment was unsealed which charged the

---

[1]  The Plea Agreement states as follows in ¶ 6:

The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that both of the following conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full file available to the Probation Office for its use in preparing the presentence report.

[Plea Agreement, Record No. 2-3, p.6].

[2]  A copy of the "Amended Judgment in a Criminal Case" rendered in the First Criminal Proceeding is attached to the this § 2241 Petition [*See* 08-CV-7-KKC, Record No. 2-3, p. 1-5].

2

petitioner with Conspiracy to Distribute a Controlled Substance. *See United States of America v. Andre LaSieur*, 03:05-CR-00039-4 (Hon. Barbara B. Crabb, presiding) ("the Second Criminal Proceeding"). The docket sheet from the Second Criminal Proceeding reveals that on August 24, 2005, the petitioner entered a guilty plea to the charges [*Id.*, Docket No. 128].

The docket sheet from the Second Criminal Proceeding further reflects that on October 24, 2005, a "Judgment and Commitment" was entered.  The docket sheet does not state what term of imprisonment was imposed, but the petitioner states in his § 2241 petition that he received a twenty (20) year sentence [*See* 08-CV-7-KKC, Record No. 2, p.2].[3]

<u>PETITIONER'S LEGAL ARGUMENTS</u>

The petitioner contends that his 20 year conviction rendered in the Second Criminal Proceeding violated the terms of the Plea Agreement reached in the First Criminal Proceeding. While the petitioner failed to artfully convey this argument in his current § 2241 petition, it is set forth in better detain in an attachment to his § 2241 petition. That attachment, entitled "Motion for Extension to Appeal Conviction and Request for Evidentiary Hearing," contains the case caption of the First Criminal Proceeding  [*See* Record No. 2-4, pp. 1-9].  The petitioner apparently filed this motion in the Trial Court very recently, on or about December 30, 2007, just days before he filed the instant § 2241 petition on January 11, 2008.

Summarized, the petitioner argues in that motion that by filing the charges in the Second Criminal Proceeding, the United States broke its promise set forth in  the Plea Agreement reached

---

[3] The petitioner also attached what appears to be a transcript from the sentencing hearing in the Second Criminal Proceeding, in which the Judge Crabb sentenced the petitioner to a term of twenty years [*See* 08-CV-7-KKC, Record No. 2-3, pp. 23-31].  According to the transcript, Judge Crabb imposed the 20 year sentence to "protect the community from your [petitioner's] criminal schemes and violent tendencies and reflect the seriousness of your criminal conduct."[*Id.*, p. 30].

in the First Criminal Proceeding.  Petitioner contends that according to § 6 of the Plea Agreement, the government was not permitted to prosecute him for other crimes arising out of the subject matter of the charges filed in the First Criminal Proceeding. He contends that the subsequent charges filed in 2005, in the Second Criminal Proceeding, constituted a breach of the Plea Agreement reached in the First Criminal Proceeding.

_____Petitioner alleges that when the Plea Agreement was reached in 2003 in the First Criminal Proceeding, the government knew about his (petitioner's) drug dealing activities occurring on the Lac Courte Oreilles Reservation in Sawyer County, Wisconsin.  These activities lead to the Indictment in the Second Criminal Proceeding.   Petitioner claims that based on what the United States knew about his drug activities in 2003, the government could have and should have charged him with the drug activities in the First Criminal Proceeding.

 Petitioner points to a statement which he claims a witness, Mary Ann Conger, gave to DEA Agent Daniel Bethonds on May 27, 2003, during the government's investigation [*See* Petitioner's "Motion for Extension to Appeal Conviction," [Record No. 2-4, p.8].  Petitioner states that Conger informed Bethonds that the petitioner had sold her powder cocaine, was a Latin King, and that the petitioner had a lot of guns [*Id*].

Petitioner alleges that during 2003, there was a wealth of other information available to the federal authorities relating to his (petitioner's) illegal drug activities with which he was not charged until 2005.  Petitioner claims that the government  acted in bad faith, and in breach of its 2003 Plea Agreement, by waiting 16 months to prosecute him on drug charges in the Second Criminal Proceeding.

He argues given the government should have been precluded from prosecuting him for drug

activities in 2005. He contends that the government's actions excused his failure to file a motion, under 28 U.S.C. § 2255, to vacate the sentence imposed in the First Criminal Proceeding. Petitioner has filed the instant § 2241 petition, asking this Court to "vacate sentence and conviction in accordance with the expressly written contract."[Record No. 2, p.8]. Presumably, the sentence which the petitioner wants to be vacated is the subsequent, twenty- year sentence rendered in the Second Criminal Proceeding.

<u>DISCUSSION</u>
1. <u>Law Governing § 2241 petitions</u>

The general rule is that 28 U.S.C. § 2255 relates to conviction and imposition of sentence and such issues must be brought before the Trial Court. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Because the instant petitioner's claim relates to the sentence imposed by the Trial Court in 2005 and does not relate to how his sentence is being executed, his claim is not ordinarily cognizable for this Court under 28 U.S.C. § 2241. *See United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

There is an exception to the general rule, however, which the instant petitioner is trying to use, so Court will examine the exception. 28 U.S.C. § 2255, in the fifth paragraph, commonly called the "savings clause," provides an instance when a district court in the place of incarceration may address the merits of a § 2255 claim under its 28 U.S.C. § 2241 jurisdiction. In the words of the

5

savings clause, § 2241 may be used if the petitioner makes a threshold showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255, ¶ 5; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the appellate court in this circuit set out the standard which would qualify as the showing necessary for a § 2241 petitioner who wishes the court in the district of his/her confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the Trial Court pursuant to § 2255.

A petitioner must demonstrate that his remedy under § 2255 is truly "inadequate" or "ineffective,." and neither an earlier unsuccessful § 2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. Section 2241 is also not a "catch all" remedy. *Id.* at 758.

To date, the Sixth Circuit has concluded that § 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence."

Factual innocence must be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Martin*, 319 F.3d. at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order

to obtain the benefit of the savings clause.").

A petitioner may use § 2241 to challenge his conviction only where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute that petitioner was convicted of violating in such a way that his actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241.").

Under *Charles*, the remedy under § 2255 is not inadequate or ineffective simply because a petitioner either failed to seek relief under § 2255, or was denied relief under § 2255 or permission to file a second or successive § 2255 motion. *Charles*, 180 F.3d at 756-58. Section § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

2. <u>Section 2241 Law Applied to Allegations of Instant Petition</u>

In the instant case, the petitioner fails to carry his burden of demonstrating the threshold components required for this Court to entertain his § 2255 claim under its § 2241 jurisdiction.

First, the petitioner does not allege that he filed a motion under § 2255 to vacate his sentence in the **subsequent** prosecution, the Second Criminal Proceeding, on the grounds he now asserts in this § 2241 proceeding. A *Charles* counsels, § 2241 is not an available avenue of relief where a petitioner fails to pursue a remedy under § 2255. *Charles*, 180 F.3d at 756-58.

Even assuming that a § 2255 motion had been filed in the Second Criminal Proceeding, another consideration comes into play. At the time the petitioner pleaded guilty to the drug charges in August of 2005, he would have and should have been aware of the facts and allegations which he now asserts in this Court. The petitioner made no allegation by way of a § 2255 motion in the Second Criminal Proceeding that the government's prosecution of him was unwarranted and in

7

breach of the 2003 Plea Agreement.

The time for the petitioner to have raised such an argument was before he pleaded guilty to the drug charges in 2005. He failed to raise that claim in 2005, opting instead to wait over two years before filing a motion seeking extension of the time in which to file an appeal- - not in the Second Criminal Proceeding, where the sentence about which he complains was imposed - - but in the First Criminal Proceeding.   In essence, the petitioner waived the challenge he now asserts in this proceeding.

On that issue, the transcript of the Sentencing Hearing in the Second Criminal Proceeding reveals that the petitioner freely and voluntarily agreed to plead guilty to the 2005 drug charges, probably receiving a favorable point adjustment under the Sentencing Guidelines for acceptance of responsibility.   The petitioner's own statements to the Trial Court verify that his second guilty plea was knowing and voluntary. Petitioner made the following comments to Judge Crabb during the Sentencing Hearing:

> ". . . as you're aware, you sent me back in January of 2004 to an 80-month sentence for ammunition charge, and since then I've gotten a little wiser in my ways and attempted to further mu education and have been doing so . . . I've grown a little wiser in my ways, and I know I'm learning from this, and I know that I'm about to accept what's coming to me.  And I'd like to apologize to my family for putting myself in this situation. And that's all, Your Honor."

[Record No. 2-3, p.24].  *See   United States v. Garcia*, 252 F.3d 838, 844 (6th Cir. 2001) (where defendant: (1) pled guilty to the charge of conspiracy to possess with intent to distribute marijuana; (2) admitted trafficking within the limits of 21 U.S.C. § 841(b)(1)(B); and (3) was sentenced within the limits of that section, his conviction and sentence pursuant to that indictment and plea did not affect his substantial rights).

8

Second, the Plea Agreement, at ¶ 6, barred subsequent criminal charges only if both of two criteria were satisfied: (1) the criminal conduct had to relate to the conduct described in the Indictment in the First Criminal Proceeding, **and** (2) the criminal proceeding had to have been known to the United States as of the date of the Plea Agreement [October 15, 2003].

For argument's sake, the Court will assume that the government knew or should have known in 2003 about the petitioner's drug activities on the Lac Courte Oreilles Latin Kings  Reservation (prior to execution of the 2003 Plea Agreement).  Even then, the petitioner's argument still lacks merit, because the first criteria of the analysis can not be met.

The conviction in the First Criminal Proceeding arose from the fact that the petitioner had been convicted of a prior felony and was in possession of in possession of a firearm in violation of 18 U.S.C. § 922 (g).  The charges in the Second Criminal proceeding arose from an entirely unrelated set of criminal conduct: the petitioner's participation in, and leadership of, a drug trafficking conspiracy on an Indian Reservation.

According transcript from the Sentencing Hearing in the Second Criminal Proceeding, Judge Crabb described the petitioner as the leader of the Lac Courte Oreilles Latin Kings Chapter for much of the conspiracy. In her remarks at sentencing, Judge Crabb concluded that the petitioner "distributed drugs to subordinate dealers and then collected a share of the profits for the gang. You [petitioner] exercised a high level of control and authority over other participants in an offense that had an extensive scope." [Record No. 2-3, p.29].

In sum, because the criminal conduct involved in the Second Criminal Proceeding was sufficiently unrelated to the criminal conduct involved in the First Criminal Proceeding,  the 2003 Plea Agreement reached in the First Criminal Proceeding in no manner precluded the prosecution

9

of the petitioner in the Second Criminal Proceeding.

CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     Petitioner Andre LaSieur's petition for a writ of habeas corpus [Record No. 2]

is **DENIED**.

(2)     This action will be **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket

of the Court.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the respondent.

Dated this 20th day of March, 2008.


**Signed By:**

*__Karen K. Caldwell__*

**United States District Judge**

10